Kevin Harper, State Bar No. 019118
**HARPER LAW PLC**
50 W. Vaughn Ave., Ste. 204
Gilbert, Arizona 85234
Tel: 602-256-6400
Fax: 602-256-6418
kevin@harperlawaz.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Gil Shuga, an individual, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| The Rainmaker Institute, LLC, a Delaware limited liability company; Stephen G. Fairley and Jane Doe Fairley, husband and wife; John and Jane Does 1-10; and Black and White Corporations I-X | **JURY DEMAND** |
| Defendants. | |

Plaintiff Gil Shuga, by and through undersigned counsel, for his Complaint against Defendants, alleges as follows:

**NATURE OF THE CASE**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work

to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the FLSA, 29 U.S.C. § 201 *et seq*.

4. Defendants misclassified Plaintiff as an exempt employee and regularly required Plaintiff to work well in excess of forty (40) hours per week without paying him time and a half for hours worked over forty (40) hours per week.

5. After complaining about the failure to pay overtime wages and asserting his claims to recover compensation for the unpaid wages, Plaintiff was retaliated against and his employment was terminated, in violation of the anti-retaliation provisions of the FLSA. *See* 29 U.S.C. § 215(a)(3).

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, plus lost wages and other benefits, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

**PARTIES**

9. Plaintiff Gil Shuga ("Shuga") is a citizen of the State of Arizona, where he resided during the events material to the claims in this action.

10. At all times material hereto, Defendant The Rainmaker Institute, LLC ("TRI" or the "Company") is a Delaware limited liability company authorized to do business and doing business

2

in Maricopa County, Arizona, with a principal place of business at 1094 S. Gilbert Road, Ste. 201., Gilbert, Arizona, 85296.

11. At all times material hereto, Defendant Stephen Fairley was, and continues to be, a resident of Maricopa County, Arizona. Upon information and belief, Defendant Jane Doe Fairley is Stephen Fairley's wife, whose identity is presently unknown. Defendant Stephen Fairley and Jane Doe Fairley have caused events to take place giving rise to this Complaint for which their marital community is fully liable.

12. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Stephen Fairley was and is the owner of Defendant TRI.

13. The events alleged in this complaint occurred within Arizona. Defendants are or were present in Arizona, doing business in Arizona, and caused events to occur in Arizona out of which Plaintiff's causes of action arise.

14. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. All Defendants are co-equally liable for all matters.

19. Upon information and belief, Defendant Stephen Fairley made all decisions on the daily activities of his and TRI's employees and makes all decisions regarding pay policies, and exerted financial and operative control over TRI, and is therefore individually liable under the FLSA.

3

20. Upon information and belief, Defendant Stephen Fairley had and has the power to close TRI and hire and fire employees.

21. Upon information and belief, Defendant Stephen Fairley hired managerial employees, maintained employment records, and profited from the FLSA violations detailed in this Complaint.

22. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

23. Upon information and belief, at all relevant times the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL ALLEGATIONS

24. Plaintiff was employed by Defendant TRI at its Gilbert, Arizona in an inside sales position,

25. Until October 2018, when Plaintiff and other employees lodged a formal complaint about having been misclassified as an exempt, salaried, employee, Plaintiff was not compensated for significant amounts of overtime worked.

26. In early 2018 Plaintiff and other employees complained to their manager, Adam Reiman, about the failure to properly classify their employment status and pay earned overtime.

27. Mr. Reiman eventually promised to "look into it," but he failed to respond for several months.

28. In August 2018 Plaintiff and his co-workers provided Mr. Reiman with paperwork outlining the available overtime exemptions and demanded that the Company explain the legal basis for not paying them overtime for their hours worked in excess of forty (40) hours per week.

29. In September 2018, Mr. Reiman and Jackie Davis, TRI's Director of Finance, met with Plaintiff and his co-workers and told them they were exempt employees who were not entitled to receive overtime wages. No explanation was offered in support of this conclusion.

30. In October 2018 Plaintiff and the other employees were reclassified as non-exempt and thereafter provided overtime for hours worked over 40 hours per week. This change was purportedly made to "avoid any confusion in the future."

31. After October 2018, Defendants withdrew previously offered bonus opportunities, significantly impacting Plaintiff's anticipated compensation.

32. In addition, after October 2018 Plaintiff suffered retaliation by not being invited to attend events with the best commission opportunities. To date, Plaintiff estimates that these lost opportunities have cost him over $30,000.00 in commissions that could have been earned based on his past and continuing performance.

33. Plaintiffs work hours were also dramatically reduced after October 2018, such that he did not have the opportunity to earn overtime pay consistent with what he could have earned had his schedule remained consistent with his schedule prior to the time he was reclassified to a non-exempt status.

34. Plaintiff was not and still has not compensated for the past unpaid overtime.

35. The amount of overtime owed prior to the change in or about November 2018 was significant. Plaintiff conservatively estimates that he frequently worked 60 or more hours per week between 2015-2018, especially during weeks he would travel, present, and conduct training at off-site retreats hosted by Defendant TRI.

36. Plaintiff would attend five or more of these marketing events per year, resulting in at least 100 hours of unpaid overtime each year, not including additional amounts of overtime worked during normal workweeks.

37. Based on his rate of pay at the time, Plaintiff conservatively estimates he is owed at least $4,500.00 per year in unpaid overtime between 2015-2018.

38. Frustrated with the inability to recover the overtime wages owed to him, Plaintiff engaged an attorney to attempt to resolve his claims against the Company.

39. On March 12, 2020, Plaintiff's attorney sent a demand letter to Defendants outlining the basis of Plaintiff's claims and proposing an offer of settlement. The demand letter stated that the offer would expire on March 27, 2020.

40. The demand letter from Plaintiff's attorney was mailed via First Class Mail and Certified Mail, with Return Receipt Requested.

41. Both copies of the demand letter were delivered to a post office approximately two miles from Defendants' business address on March 12, 2020.

42. Although there is no tracking information for the copy of the demand mailed via regular First Class Mail, it was never returned to the sender and was presumably delivered on or before March 14, 2020.

43. On Saturday, March 14, 2020, the U.S. Postal Service unsuccessfully attempted delivery of the Certified Mail copy of the demand letter, which it was unable to deliver because the business was closed on Saturday.

44. Upon information and belief, notice of the Certified Mail was left with Defendants' mail on March 14, 2020, and because they received the regular First Class Mail version of the letter, which stated it had been mailed via both "First Class Mail and Certified Mail," Defendants were aware of the content of the Certified Mail.

45. The Certified Mail version of the demand letter was delivered to Defendants on March 24, 2020.

46. On March 23, 2020, approximately one week after receiving the demand letter from Plaintiff's attorney, Plaintiff's employment was terminated.

47. At the time of Plaintiff's termination he was offered a small severance in exchange for a broad release of his claims against the Company, including the overtime claims he had been asserting for years and which were the subject of the demand delivered to Defendants.

48. Defendants did not respond to the demand letter.

## COUNT ONE
### (OVERTIME VIOLATION – 29 U.S.C. § 207)

49. Plaintiff re-alleges and incorporates all of the foregoing allegations as if set forth fully herein.

50. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

51. Plaintiff was a non-exempt employee.

52. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

53. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

54. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

55. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

56. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

57. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

58. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory

liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

**COUNT TWO**
**(RETALIATION – 29 U.S.C. § 215(a)(3))**

59. Plaintiff re-alleges and incorporates all of the foregoing allegations as if set forth fully herein.

60. After lodging his complaints about the failure to pay overtime wages, Defendants withdrew previously offered bonus opportunities, and changed Plaintiff's work assignments in an effort to deny Plaintiff compensation he otherwise would have been entitled to receive.

61. After Plaintiff engaged legal counsel to assert his claims for unpaid compensation, Defendants terminated Plaintiff's employment.

62. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages in the form of lost wages and benefits.

63. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his lost wages and other damages stemming from his retaliatory termination, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury, except those issues expressly reserved by law for determination by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands and prays for judgment as follows:

(A) Awarding Plaintiff overtime compensation in the amount due for all his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount to be proved at trial;

(B) Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

(C) Awarding judgment in an amount to be proven at trial in Plaintiff's favor and against Defendant for all damages provided for under applicable law, including but not limited to compensatory damages including lost wages, past and future wages and/or impairment of power to earn money, and punitive damages;

(D) Awarding Plaintiff pre-judgment and post-judgment interest on all such amounts as provided for by law;

(E) Awarding Plaintiff his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and/or as otherwise provided for by law;

(F) Awarding Plaintiff such further relief as this Court deems just and proper.

DATED this 4th day of May, 2020.

                                        HARPER LAW PLC

                                        By:  /s/ Kevin Harper
                                                Kevin Harper
                                                *Attorney for Plaintiff*

## VERIFICATION

1. I am the Plaintiff in the foregoing action;

2. I have read the foregoing Complaint and know the contents thereof;

3. The same are true of my own personal knowledge except as to those statements made upon information and belief, and as to those, I believe them to be true; and

4. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 30 day of April, 2020

_____
Gil Shuga